Hilda **STOLLER**, et al., Plaintiffs,

v.

**BALDWIN–UNITED CORPORATION**, et al., Defendants.

Ralph **BEDEL**, Trustee, et al., Plaintiffs,

v.

Morley P. **THOMPSON**, et al., Defendants.

Civ. A. Nos. C–1–82–1438, C–1–83–1990.

United States District Court, S.D. Ohio, W.D.

Sept. 16, 1986.

## ORDER

DAVID S. PORTER, Senior District Judge.

Plaintiffs and various defendants having agreed and stipulated to the compromise and dismissal of the above entitled actions (the *"Stoller* action" and *"Bedel* action," hereinafter sometimes referred to collectively as "the Actions") upon the terms and conditions set forth in the Stipulations of Settlement dated as of January 9, 1986 and September 15, 1986 (the "Stipulations");

The parties to the Stipulations having applied to the Court for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure approving the Stipulations; and

The Court having read and considered the Stipulation of Settlement, the proposed form of notice, the proposed forms of Instructions, and Proofs of Claim and Covenants not to Sue;

The Court having on June 4, 1985 directed, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that the *Stoller* action may proceed as a class action on behalf of all persons other than a limited group that was expressly excluded who, between December 14, 1981 and March 29, 1983, purchased Baldwin-United Corporation ("BU") common or preferred stock, BU 10% subordinated debentures due 2009 and/or D.H. Baldwin Company ("DHB") debentures due 1994;

The Settling Defendants, solely for the purposes of the Stipulations, having consented to the certification of a class in the *Bedel* Action which is composed of all persons who acquired DHB debentures due 1994 prior to April 19, 1983 pursuant to the registration statement and/or prospectus; and

It appearing to the Court that the proposed settlement embodied in the aforesaid Stipulations may be a fair, reasonable and adequate one; and

The parties having consented to the entry of this Order;

IT IS ORDERED:

1. The Court hereby reconfirms its Order of June 4, 1985 which determined that the *Stoller* action proceed as a class action on behalf of all persons who, between December 14, 1981 and March 29, 1983, purchased in the open market BU common or preferred stock, BU 10% subordinated debentures due 2009 and/or DHB debentures due 1994. Excluded from the Class are all defendants, the officers and directors of the corporate defendants, as well as any entity in which any of the corporate or individual defendants has had or had since the commencement of the class period, a controlling interest, together with legal representatives, successors in interest, heirs and assigns of excluded parties.

2. Subject to the terms and conditions of one of the Stipulations, the *Bedel* action shall, for the purposes of implementing that proposed Settlement only, be maintained as a class action, pursuant to Rule 23(b)(3), with Ralph Bedel, Trustee, as the class representative, on behalf of all persons and entities who purchased DHB debentures due 1994 prior to April 19, 1983 pursuant to the registration statement and/or prospectus. Excluded from this Class are the Settling Defendants, including BU and DHB, NIPIC, NILIC, Balunit, members of the immediate families of the Settling Defendants, the partners, associates and employees of NIPIC, NILIC, Balunit, BU, DHB, or the Settling Defendants, any entity in which any of them has had or had since the commencement of the

Class Period, a controlling interest, and their legal representatives, heirs, successors in interest, or assigns.

3. The Court preliminarily approves the Settlement.

4. A hearing (the "Hearing") shall be held before the Court in the Actions on December 22, 1986, at 2 PM in Room 836 of the United States Post Office & Courthouse, Cincinnati, Ohio 45202 to determine (a) whether the Settlements as proposed in the Stipulations are fair, reasonable and adequate and should be approved by the Court, and (b) whether the Actions should be dismissed on the merits with prejudice as to the Settling Defendants, as provided in the Stipulations and (c) to determine the application(s) of Settling Plaintiffs' counsel for experts' and attorneys' fees and expenses incurred in the Actions (or, if such application(s) are not heard at the Hearing, to reserve jurisdiction and set a date for subsequent hearings on such application(s)).

5. Within fifteen (15) days following the day on which this Order is filed with the Clerk of this Court, the Settling Defendants (as defined in Paragraph 1.2 of one of the Stipulations), other than Balunit, BU and DHB, which have previously deposited their settlement fund in a restricted account at Marine Midland Bank, shall pay the sum of $9,775,000 to plaintiffs, depositing said amount in The Fifth Third Bank, pursuant to the Master Escrow Agreement annexed to that Settlement Stipulation. This fund shall be administered in accordance with the Master Escrow Agreement. This sum, plus all interest and income earned thereon, shall become part of the "Settlement Fund" identified in Paragraph 2 of one of the Stipulations and no part of the Settlement Fund shall be returned to the defendants except as specifically set forth in the Stipulations.

6. Within fifteen (15) days following the day on which this Order is filed with the Clerk of this Court, the Settling Defendants, other than Balunit, BU and DHB, shall deposit the sum of $300,000 in The Fifth Third Bank, pursuant to the Master Escrow Agreement annexed to the Settlement Stipulation. This fund shall be administered in accordance with the Master Escrow Agreement. This sum, plus all interest and income earned thereon, shall constitute the "Administration Fund" identified in Paragraph 4 of one of the Stipulations and no part of the Administration Fund shall be returned to the defendants except as specifically set forth in that Stipulation.

7. The Settling Defendants, to the extent not previously done, have agreed, as provided in the Stipulations, to cause their transfer records and other documents necessary to identify the names and addresses of Class Members to be provided to counsel for the Settling Plaintiffs and such items shall be provided on or before September 30, 1986.

8. The plaintiffs or their designated representative shall cause notice to be given members of the *Bedel* and *Stoller* classes concerning the pendency of the Actions, the proposed Settlements, the applications of Settling Plaintiffs' counsel for experts' and attorneys' fees and expenses, and the holding of the Hearing. The notice shall be substantially in the form attached hereto as Exhibit A, which form is hereby approved (the "Notice"), and shall be given in the following manner.

(a) On or before October 27, 1986, copies of the Notice shall be mailed to all members of the Classes for whom addresses appear in the securities records and securities transfer books of BU and/or DHB or in such other records as may be provided to counsel for the Settling Plaintiffs (the "Records"), and shall be mailed to the Class member's last known address set forth in such records. Along with the Notice, Settling Plaintiffs' counsel or their agent shall cause to be mailed to the members of the Classes, a proof of claim form, together with Instructions, for participation in the Settlement. The proof of claim form and Instructions shall be substantially in the form annexed hereto as Exhibit B.

(b) On or before October 27, 1986, a written request shall be mailed to each brokerage house or other nominee identified in the Records, at its last known address, requesting that such brokerage house or nominee forward the Notice promptly by mail to the beneficial owners on whose behalf such brokerage house or nominee purchased, sold or held BU and/or DHB stock and debentures, and requesting further that such brokerage house or nominee furnish counsel for Settling Plaintiffs with proof of such mailing. Settling Plaintiffs' counsel or their agent shall offer to provide a sufficient number of copies of the Notice to brokerage houses or nominees for such purposes; alternatively, Plaintiffs' counsel or their agent shall request the brokerage houses and nominees to furnish a list of the names and addresses of those members of the Classes on whose behalf the brokerage firms and nominees acted, and Settling Plaintiffs' counsel or their agent shall promptly cause copies of the Notice to be mailed to each such Class member whose name and address is furnished to counsel for the Settling Plaintiffs by the brokerage houses and nominees.

(c) Commencing with the week of November 3, 1986, a notice, substantially in the form annexed hereto as Exhibit C, shall be published once in each of two consecutive weeks in the national edition of the *Wall Street Journal* and in the *Cincinnati Enquirer.*

9. The Court approves the form of Notices, Proof of Claim and Instructions relating thereto, and finds that the publication, mailing, and distribution of such notices substantially in the manner and form set forth in Paragraph 8 of this Order will constitute the best notice practicable under the circumstances to members of the Classes and complies with the provisions of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. On or before December 8, 1986, counsel for the Settling Plaintiffs shall file with this Court an affidavit(s) indicating compliance with the notice provisions of this Order.

10. Counsel for the Settling Plaintiffs may retain the services of an agent, or agents, to facilitate and assist in identifying and giving notice to members of the Classes, locating potential claims whose mailed notice is returned as undeliverable, reviewing proofs of claim, administering the Settlements, and distributing the Settlement Fund, as provided in the Stipulations.

11. All memoranda and other documents in support of the Settlements shall be filed by December 15, 1986. Settling Plaintiffs' counsels' applications for allowance of attorneys' fees, costs and disbursements (including expert's fees) shall be filed by December 15, 1986.

12. Any Member of either the *Stoller* Class or the *Bedel* Class desiring to participate in the Settlements shall be required to file a proof of claim no later than sixty (60) days after the Hearing, unless such date is extended by the Court. In order to be entitled to participate in the Settlement Fund (as defined in the Stipulations), members of the Classes who have not requested exclusion in the manner provided in paragraph 19 of this Order shall take the following actions and be subject to the following conditions:

(a) A Proof of Claim must be filed with the claims administrator engaged by Settling Plaintiffs' counsel to process claims by February 23, 1987 (unless extended by the Court). Each such Proof of Claim, if actually received, shall be deemed to have been filed when posted, if mailed by first-class mail, postage prepaid, and addressed in accordance with the instructions on it. Any Proof of Claim filed otherwise shall be deemed to have been filed when it is actually received by the addressee designated in the Proof of Claim to receive it.

(b) The Proof of Claim must substantially satisfy the following conditions:

(i) The Proof of Claim must be complete and provide the information requested on it;

(ii) The Proof of Claim must be properly signed by each claimant;

(iii) If the person signing the Proof of Claim is acting in representative capacity, the Proof of Claim must be accompanied by proof of the authority of the representative to act on behalf of and to bind the claimant; and

(iv) The Proof of Claim must be accompanied by a broker's confirmation slip, statement of account or a notarized statement from the broker or other satisfactory proof of each purchase and each sale (if applicable) of BU or DHB securities during the Class Periods, or a satisfactory explanation as to why such proof is unavailable.

(c) By filing a Proof of Claim, each member of either of the Classes thereby shall submit himself to the jurisdiction of the Court for purposes of the Actions, and shall agree that his Proof of Claim shall be subject to investigation and further inquiry as to his status as claimant and the allowable amount of this claim.

(d) All issues of law and fact concerning Proofs of Claim disputed in whole or in part shall be decided by the Court.

13. All Proofs of Claim shall be administered by the claims administrator, with the guidance and assistance of counsel for the Settling Plaintiffs. For purposes of facilitating the processing of claims, all proofs of claim shall be returnable to the claims administrator engaged to process claims. The claims administrator and counsel for the Settling Plaintiffs shall be responsible for the receipt of all responses to the Notice, and shall preserve for filing with the Court, upon subsequent order, all Proofs of Claim and any and all other written communications with members of the Classes or any other person who responds to the Notice. The claims administrator and counsel for the Settling Plaintiffs will respond to inquiries, but copies of all written answers shall be maintained and made available for inspection by the Court, or other counsel.

14. The claims administrator, with the guidance and assistance of counsel for the Settling Plaintiffs, shall undertake whatever investigation it in its sole discretion deems reasonable or necessary to verify the accuracy and completeness of said Proofs of Claim. If it determines that a Proof of Claim does not entitle the person submitting such Proof of Claim to receive payment under the Stipulations, each such Proof of Claim so disputed shall promptly and as soon as practicable be identified, a written statement of the reasons for contesting such Proof of Claim shall be attached thereto, and the claimant shall be notified as provided below. Each Proof of Claim that is not so contested, or that is later approved by the Court pursuant to paragraph 18 hereof, shall constitute a "Valid Proof of Claim," and all other Proofs of Claim shall constitute "Disputed Proofs of Claim."

15. Any person who has filed a Disputed Proof of Claim may be required to furnish additional proof in such form and with such supporting documents as may reasonably be necessary to verify the accuracy or completeness of said Disputed Proof of Claim. If a request for additional proof pursuant to this paragraph shall be mailed by certified mail, return receipt requested, to a claimant, failure within thirty (30) days after such receipt to comply with the request, or to explain satisfactorily why compliance cannot be made, shall be deemed to constitute consent on the part of such claimant to the disallowance of the claim, or to that part of the claim to which the request for additional proof relates, provided however, that reasonable requests for extensions of time to respond to such requests may be granted.

16. In the event that any Disputed Proof of Claim continues to be contested even after the claimant has submitted the additional proof which may be required pursuant to paragraph 15 hereof, the Disputed Proof of Claim shall be rejected and the claimant shall be advised of such rejection and the reasons therefore by certified mail, return receipt requested ("Notice of Rejection").

17. Such Notice of Rejection shall indicate that the claimant whose claim has been rejected has the right to a hearing before the Court if he so desires and com-

plies with the requirements of paragraph 18 hereof. A copy of such notice and receipt shall be maintained by the Claims Administrator, and an additional copy of such notice and receipt shall be filed with the Court.

18. If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, he shall, within twenty (20) days after the date of receipt of the Notice of Rejection, serve upon Settling Plaintiffs' counsel, and also file with the Court, a notice to contest the claim's rejection, including a statement of reasons and requesting a hearing thereon before the Court.

19. Each member of the Classes shall be bound by any judgment entered pursuant to this Order and/or upon the Hearing unless he or she shall have filed a request for exclusion, in writing, delivered on or before December 5, 1986, and addressed to Gene Mesh, Esq., liaison counsel for Plaintiffs, P.O. Box _____, Cincinnati, Ohio 45229 and referring on the envelope to *Baldwin-United Securities Litigation*, No. C–1–82–1438, or No. C–1–83–1990, or both C–1–82–1438 and C–1–83–1990. The request for exclusion shall substantially satisfy the following conditions:

a) The request for exclusion shall set forth the name and address of the class member, the number and type of BU or DHB securities purchased by him or her or by the person on whose behalf the Class member is purporting to act during the Class Periods, the dates of purchase of each such security and the amount paid for each purchase of each such security, net of commissions and transfer taxes;

b) All requests for exclusion must state in substance, that "I hereby request to be excluded from the Class in the *Stoller v. Baldwin-United Corp.* action," and/or "I hereby request to be excluded from the Class in the *Bedel v. Thompson* action;"

c) A member of both the class in the *Stoller* action and the class in the *Bedel* action must request exclusion from both Classes if he or she desires to be excluded from both classes.

A request for exclusion shall not be effective unless it is made in the manner and within the time provided for herein. A Class Member who has requested exclusion will not receive any benefit provided in the Stipulations in the event they are approved by the Court.

20. Any member of either of the Classes who does not request exclusion substantially in the manner provided in paragraph 19 of this Order may appear at the Hearing and show cause why the Settlements provided for in the Stipulations of Settlements should or should not be approved or why the application(s) for award(s) of Plaintiffs' experts' or attorneys' fees and expenses should or should not be granted; provided, however, that no such person shall be heard and no written objection, memorandum or other papers shall be received or considered by the Court, unless such person files with the Court no later than December 8, 1986, showing proof of service on Gene Mesh, Esq., liaison counsel for Settling Plaintiffs, c/o Gene Mesh & Associates, 3133 Burnet Avenue, Cincinnati, Ohio 45229; and William R. Hardy, Esq., liaison counsel for Settling Defendants, c/o Graydon, Head & Ritchey, 1900 Fifth Third Center, P.O. Box 6464, Cincinnati, Ohio 45201: (1) a statement of intent to appear and a copy of such written objections, memoranda and other papers and information, and (2) the name and addresses of the objector, the number and/or amount of BU or DHB securities purchased and sold during the Class Period, the date(s) of purchase and sale, and the name(s) in which such securities were registered. All objections must be accompanied by a broker's confirmation slip, statement of account or a notarized statement from the broker or other satisfactory proof of purchase of BU or DHB securities during the Class Periods, and sale (if applicable), or a satisfactory explanation as to why such proof is unavailable. Any member of either of the Classes who does not make his objection substantially in the manner herein set forth may be deemed to have waived such objection and shall forev-

er be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlements, as incorporated in the Stipulations of Settlement or to the award(s) of Plaintiffs' experts' and attorneys' fees and expenses.

21. Pending final determination of the fairness, reasonableness and adequacy of the settlement embodied in the Stipulations of Settlement, all members of the Classes shall be and the same hereby are enjoined from instituting or commencing any action based upon any of the claims alleged in these Actions.

22. The Court retains jurisdiction over these Actions, including reserving the right to approve the proposed Settlements (including such modifications as may have been agreed to among the parties as provided for in the Stipulations), and to approve any application(s) for counsel fees or reimbursement of expenses by the plaintiffs or their attorneys, without further notice to members of the Classes.

23. If a settlement in accordance with the Stipulations of Settlement shall not be approved and consummated, then the Stipulations of Settlement and all proceedings in connection therewith shall be without prejudice to the rights of any of the parties as provided in the Stipulations of Settlement.

### EXHIBIT A

### NOTICE OF CLASS ACTION DETERMINATIONS AND HEARING ON PROPOSED SETTLEMENTS

TO:

ALL PERSONS WHO, BETWEEN DECEMBER 14, 1981, AND MARCH 29, 1983, PURCHASED IN THE OPEN MARKET BALDWIN–UNITED CORPORATION ("BU") COMMON OR PREFERRED STOCK, BU 10% SUBORDINATED DEBENTURES DUE 2009 AND/OR D.H. BALDWIN COMPANY ("DHB") DEBENTURES DUE 1994 (THE "*STOLLER* CLASS"); AND

ALL PERSONS WHO ACQUIRED DHB DEBENTURES DUE 1994 PRIOR TO APRIL 19, 1983, PURSUANT TO THE REGISTRATION STATEMENT AND/OR PROSPECTUS (THE "*BEDEL* CLASS").

### SPECIAL NOTE

PLEASE READ THIS NOTICE WITH CARE AS IT AFFECTS YOUR RIGHTS WITH RESPECT TO THESE CASES. YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED CLASS ACTION SETTLEMENTS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THIS COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY PARTY IN THESE ACTIONS. THIS NOTICE IS SENT FOR THE PURPOSE OF INFORMING YOU OF THE PENDENCY OF THE ACTIONS, THE CLASS DETERMINATIONS BY THE COURT, THE PROPOSED SETTLEMENTS, AND ALTERNATIVE COURSES OF ACTION THAT YOU MAY TAKE.

This notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to order of the United States District Court for the Southern District of Ohio, Western Division (the "District Court"). The purpose of this Notice is to inform you of (a) the determinations by the District Court that the *Stoller* action may be maintained as a plaintiff class action for all purposes and that the *Bedel* action may be maintained as a plaintiff class action for purposes of one of the Settlements (b) the proposed settlements of both the *Stoller* class action and the *Bedel* class action as against various defendants, including BU and DHB (the "Settlements"), providing for, among other things, the establishment of two settlement funds totalling $10,525,-000, plus accrued interest (the "Settlement Fund") for the benefit of persons (the "Class Members") included in the *Stoller* and *Bedel* classes, and (c) the establishment of a fund totalling $300,000 (the "Administration Fund") to pay the costs of administering the Settlements.

## I.

### DESCRIPTION OF THE LITIGATION

These litigations were commenced by the filing of actions in and after December of 1982 and January of 1983, which were consolidated by orders of the District Court as one of the two cases captioned above (the "*Stoller* action"), and by the filing of an action in December of 1983 (the "*Bedel* action.")

Plaintiffs in the *Stoller* action generally allege that members of the *Stoller* Class were induced to purchase securities of BU and DHB in the open market as a result of misrepresentations or omissions of material facts concerning adverse transactions and developments involving BU, DHB, and certain of their subsidiaries. The *Stoller* action alleges violations of section 10(b) of the Securities Exchange Act of 1934 and common law principles of fraud and negligent misrepresentation, and asserts claims for monetary damages. In June of 1985, the District Court certified the *Stoller* plaintiffs as representatives of the *Stoller* Class. The *Stoller* action class representatives have also asserted related claims in bankruptcy against the BU entities.

Plaintiff in the *Bedel* action generally alleges that members of the *Bedel* Class were induced to purchase DHB debentures due 1994 by material misrepresentations in the registration statement and/or prospectus for such debentures. The *Bedel* action alleges violations of sections 11 and 12(2) of the Securities Act of 1933, and asserts claims for recission and/or monetary damages.

The actions and claims asserted either by the *Stoller* Class, or the *Bedel* Class, (or both), are alleged in the District Court and the Bankruptcy Court against the following defendants: BU, DHB, Morley Thompson, Max H. Karl, Tony T. Dechant, John L. Kidde, Charles S. Munson, Jr., George W. Stone, Philip E. Beekman, Virginia A. Dwyer, R.S. Harrison, James M.E. Mixter, Harold W. Smith, Eugene Wulsin, Lucien Wulsin, James E. Schwab, James E. Carpenter, L. Guy Dillahunty, III, Sherman

Jenson, Balunit, Inc., WMAC Investment Corporation (by change of name from MGIC Investment Corporation), National Investors Life Insurance Company ("NILIC"), National Investors Pension Insurance Company ("NIPIC"), Peat, Marwick, Mitchell & Co., Gordon Adamson, Frost & Jacobs, and Edward D. Jones & Co. All of the defendants except NILIC and NIPIC are "Settling Defendants."

Defendants have denied the allegations of wrongdoing asserted in the *Stoller* and *Bedel* actions, and have asserted various defenses to the Settling Plaintiffs' claims in the District Court and the Bankruptcy Court. The District Court has not passed on the merits of the claims asserted by the Settling Plaintiffs or on any of the defenses to those claims asserted by the defendants.

Settling Plaintiffs have conducted substantial pre-trial discovery, including reviewing tens-of-thousands of documents and taking numerous depositions of parties and non-parties.

Settling Plaintiffs' counsel have also conducted extensive discussions and armslength negotiations with counsel for the Settling Defendants. These negotiations have resulted in the proposed settlements of the class actions and the bankruptcy claims described herein. The Bankruptcy Court, by order dated February 20, 1986, has given its necessary approval to the settlement of the *Stoller* Class's bankruptcy claims against BU and DHB.

## II.

### SUMMARY OF PROPOSED SETTLEMENTS

A. The proposed Settlements have been reached between plaintiffs, on behalf of the *Stoller* and *Bedel* Classes, and the Settling Defendants. The terms of the Settlement are set forth in detail in two Stipulations of Settlement, dated January 9, 1986, and September 15, 1986, and filed with the District Court.

B. The Settlements, which require approval by the District Court (including that settlement already approved by the Bank-

ruptcy Court), call for the establishment of two settlement funds (the "Settlement Fund") totalling $10,525,000 in cash from payments by the Settling Defendants, plus accrued interest. $5,262,500 of the Settlement Fund will be allocated to the *Stoller* case, and $5,262,500 will be allocated to the *Bedel* case. The Settlement Fund has been paid into an escrow fund, which is accruing interest for the benefit of the Classes until the distribution thereof, pursuant to a claims procedure established by the District Court, to class members who file claims to share in the Settlement Fund and whose claims are allowed by the District Court. Settling Plaintiffs' counsel reserve the right to apply to the District Court, without further notice to the Class, for an award of fees in an amount not to exceed 25% of the aggregate value of the Settlement Fund plus their experts' fees, and counsel's costs and expenses of litigation. Settling Plaintiffs' counsel further reserve the right to seek an award of additional fees for services rendered in administering the Settlements and in any appellate proceeding arising from these Settlements. The Settlement Fund will be reduced by such amounts as are disbursed to pay for such fees, costs, and expenses. The Settlement Fund may be reduced by the costs incurred in notifying class members and in administering the proposed Settlement *only* to the extent such administration costs may exceed $300,000, which amount the Settling Defendants have agreed to contribute to an Administration Fund, in addition to the Settlement Fund, to cover costs of administering the Settlement. Applications for such fees, costs, and expenses will be made to the District Court at a future date.

C. The proposed Settlements contemplate that the payments into the Settlement Fund and Administration Fund by the Settling Defendants shall be in full consideration for, among other things, dismissal with prejudice and without costs of all claims against the Settling Defendants which were asserted or could have been asserted by plaintiffs or any member of the plaintiff classes against the Settling Defendants in the *Stoller* and *Bedel* actions, or in the Bankruptcy action. Additionally, the plaintiff classes will, upon approval of the Settlements, covenant not to sue the Settling Defendants and will dismiss all claims against NIPIC and NILIC, without prejudice.

D. The Settling Defendants have the option to withdraw from the Settlement(s) under certain conditions related to the percentage of the class members who reject the Settlement(s). If such conditions were to occur and the Settling Defendants were to choose to withdraw, the Settlement(s) would be terminated. If either Settlement is terminated, the allocable portion of Settlement Fund will be returned to the Settling Defendants.

E. If the District Court does not approve the Settlements, or if they fail to become effective, or are otherwise terminated in accordance with their terms, then the rights and duties of the parties will revert to their respective statuses as of the date and time immediately prior to the execution of the Stipulations of Settlement.

## III.

### PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS TO CLASS MEMBERS

The settlements, if finally approved by the District Court, will provide funds out of which members of the *Stoller* class and members of the *Bedel* class with valid claims will share as follows:

As to members of the *Stoller* class, your provable loss will be calculated by taking the difference between the price at which you purchased (net of commission) in the open market during the Class Period shares of BU common or preferred stock, BU 10% subordinated debentures, or DHB debentures due 1994 and the price at which those securities (net of commission) were sold by you during the Class Period, or if the securities were not sold by you during the Class Period, the difference between the purchase price (net of commission) and

$15.00/share of common stock; $47.00/share of preferred stock; $640.00/$1,000 face value 10% subordinated debentures; or $450.00/$1000 face value DHB debenture due 1994.

As to members of the *Bedel* class, your provable loss will be calculated by taking the difference between $1,000/$1,000 face value of DHB debenture due 1994 and (a) the price at which the DHB debenture due 1994 was sold, if sold prior to entry of final judgment in this action, or (b) $260.00/$1,000 face value of DHB debenture due 1994.

As to members of either class, if certain transactions resulted in a gain, rather than a loss, such gains will be offset against your losses to obtain a net provable loss.

The net provable losses of every member of each class will be aggregated to obtain a net provable loss for each class.

The settlement funds for each class ($5,262,500), augmented by interest earned on such fund, less Plaintiffs' attorneys' and experts' fees and expenses paid from each fund pursuant to court order, constitutes the net settlement fund for each class. Each class member with a valid claim will receive that proportion of his net provable loss that the net settlement fund for his class bears to the net provable loss for his class.

## IV.

### CLASS ACTION PENDENCY

On June 4, 1985, the District Court ordered that the *Stoller* action be certified as a class action on behalf of all persons who, between December 14, 1981, and March 29, 1983, purchased in the open market BU common or preferred stock, BU 10% subordinated debentures due 2009, and/or DHB debentures due 1994. Excluded from the *Stoller* Class are all defendants, the officers and directors of the corporate defendants, and the immediate family members of all individual defendants, as well as any entity in which any of the corporate or individual defendants have had or had since the commencement of the *Stoller* class period a controlling interest, together with

legal representatives, successors in interest, heirs, and assigns of excluded parties.

One of the proposed settlements additionally provides that the *Bedel* action shall, for the purposes of implementing the proposed Settlement only, be maintained as a class action pursuant to Rule 23(b)(3) on behalf of all persons who acquired DHB debentures due 1994 prior to April 19, 1983, pursuant to the registration statement and/or prospectus. Excluded from the *Bedel* Class are the Settling Defendants, BU, DHB, NIPIC, NILIC and Balunit, members of the immediate families of the Settling Defendants, any partners, associates, and employees of BU, DHB, NIPIC, NILIC, Balunit or the Settling Defendants, any entity in which any of them have had, or had since the beginning of the *Bedel* class period, a controlling interest, and their legal representatives, heirs, successors in interest, or assigns.

### A. What Is A Class Action

A class action is a lawsuit in which one or more named plaintiffs bring suit on behalf of themselves and all other persons who are similarly situated. The result reached in the lawsuit, whether favorable or not, is binding on all class members who do not exclude themselves. In this case, all qualifying class members who have not excluded themselves will share in the Settlement Fund if the Settlements are approved by the District Court. If a class member excludes himself and the Settlements herein are approved, then he will not share in the Settlement Fund, or be bound by the covenants to be given to the Settling Defendants.

### B. How To Stay In This Class Action

If you desire to share as a class member in either of the cases, complete the enclosed claim form in accordance with its instructions and mail it to: _____. Remaining as a class member will not obligate you to personally pay any out-of-pocket costs or attorneys' fees and will enable you to participate in the proceeds of the proposed Settlement, if both it and your

claim are approved. If you remain a class member, you will be represented by the individual plaintiffs and their counsel. If you so desire, however, you may enter an appearance through an attorney of your own choice, but at your own expense. Persons who are members of the classes and who wish to enter an appearance through their own counsel should have such counsel file an appearance and mail copies to counsel listed in paragraph V(B) below no later than December 5, 1986. Unless you oppose these Settlements, wish to be excluded from the Class(es), or wish to enter a separate appearance through an attorney, you need take no action at this time beyond completing and mailing the enclosed claim form.

### C. How To Be Excluded From The Class(es)

Any member of either class may be excluded, but only upon specific request. Class members who request exclusion will not be entitled to participate in the distribution of the Settlement Fund, and will not be bound by any judgment. If you wish to be excluded from either class, you must submit a written request for exclusion, delivered no later than December 5, 1986, to: Gene Mesh, Esq. liaison counsel for Plaintiffs, P.O. Box ____, Cincinnati, Ohio 452__. If you submit a request for exclusion, it must include your name, address and telephone number, and state that you request exclusion. The Request for Exclusion must also state: (i) the type, number or amount of shares or Debentures purchased, the price(s) paid, and the dates of trades in BU stock or BU or DHB Debentures, and (ii) the name and address of the person or entity in whose name the stock was registered or the Debenture(s) purchased. The Request for Exclusion should clearly indicate either *Stoller* action, No. C–1–82–1438, or *Bedel* action, No. C–1–83–1990, or both the *Stoller* and *Bedel* actions.

### D. Keep Your Address Current

If you remain as a member of either class, you are requested to notify Gene Mesh, Esq. liaison counsel for Plaintiffs, at the address set forth in paragraph C above, of any change in your address.

### V.

### NOTICE OF SETTLEMENT HEARING AND RIGHT TO OBJECT

A. The District Court has ordered that a hearing (the "Settlement Hearing") be held before the Honorable David S. Porter, United States Senior District Judge for the Southern District of Ohio, on December 22, 1986, in Room ____, United States Post Office & Courthouse, Cincinnati, Ohio, at _____, to determine the fairness and reasonableness and adequacy of the proposed Settlements, including the settlement previously approved by the Bankruptcy Court, and an application by Settling Plaintiffs' counsel and experts for fees and expenses.

B. If you are a class member you may appear personally or by counsel and be heard at the Settlement Hearing and may object to or express your views regarding the Settlement or the proposed application for expert and counsel fees. No class member will be heard or entitled in any way to contest approval of the Settlement or any application for counsel fees UNLESS on or before December 8, 1986, such person files with the Clerk of this Court such person's objections or comments in writing, together with all papers to be submitted to this Court at the Settlement Hearing and, **ON OR BEFORE THAT DATE,** all such papers must also be actually delivered to each of the following counsel for the parties:

Gene Mesh, Esq., liaison counsel for Settling Plaintiffs, Gene Mesh & Associates, 3133 Burnet Avenue, Cincinnati, OH 45229;

William R. Hardy, Esq., liaison counsel for Settling Defendants, Graydon, Head & Ritchey, 1900 Fifth Third Center, P.O. Box 6464, Cincinnati, OH 45201;

### VI.

### NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

Pursuant to an order of the District Court, all brokerage firms and other nomi-

nees for a beneficial owner who purchased BU's common or preferred stock or BU or DHB Debentures for any member of the plaintiff classes shall, within ten (10) days of their receipt of this Notice:

(a) provide the name and last known address of each member of the plaintiff classes on whose behalf they purchased such common or preferred stock or Debentures to lead counsel for Settling Plaintiffs, Gene Mesh & Associates, 3133 Burnet Avenue, Cincinnati, OH 45229, or to the claims administrator, _____, or

(b) request additional copies of the Notice, to be supplied by counsel for plaintiffs within ten (10) days of receipt of request, and, within ten (10) days of the receipt thereof, shall mail the Notice directly to each member of the plaintiff classes on whose behalf they purchased such common or preferred stock or Debentures.

## VII.

### EXAMINATION OF PAPERS

This Settlement Notice is not a fully comprehensive description of the Settlements. For the full details of the matters disclosed in this Notice, and for further information concerning the *Stoller* and *Bedel* actions, files may be inspected at the office of Clerk of the Court, Cincinnati, Ohio during normal business hours.

## VIII.

### INQUIRIES

NO INQUIRIES SHOULD BE DIRECTED TO THE CLERK OF THE COURT. ALL INQUIRIES SHOULD BE DIRECTED TO MICHAEL G. KOHN, ESQ., GENE MESH & ASSOCIATES, 3133 Burnet Avenue, Cincinnati, OH 45229, (513) 221-8800.

Dated: _____
    Cincinnati, Ohio

_____,
Clerk
United States District Court
Southern District of Ohio
Western Division
Cincinnati, Ohio

## EXHIBIT B

## INSTRUCTIONS AND PROOF OF CLAIM FORM

A. To all persons who, between December 14, 1981, and March 29, 1983 (the "*Stoller* Class Period"), purchased in the open market:

(i) Baldwin-United Corporation ("BU") common or preferred stock;

(ii) BU 10% Subordinated Debentures due 2009; and/or

(iii) D.H. Baldwin Company ("DHB") Debentures due 1994 (collectively, the "*Stoller* Class"); and

B. To all persons who, prior to April 19, 1983 (the "*Bedel* Class Period"), acquired DHB Debentures due 1994 pursuant to the Registration Statement and/or Prospectus (the "*Bedel* Class").

IN ORDER TO BE ELIGIBLE TO RECEIVE A PAYMENT AS A MEMBER OF THE CLASS YOU MUST SUBMIT A PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE FEBRUARY 23, 1987.

Attached to these instructions is a Proof of Claim form for use in connection with the settlement of the class actions described in the accompanying Notice of Class Action Determinations and Hearing on Proposed Settlements (the "Notice"). Please read the Notice and these instructions carefully to determine your eligibility to participate in the distribution of the Settlement Fund, as defined in the accompanying Notice. If you are a member of either the *Stoller* Class, or the *Bedel* Class, or both Classes and wish to participate in the Settlement Fund, you must complete and sign the Proof of Claim and mail it in accordance with these instructions.

### Basis for Participation

Your participation in the Settlement Fund will be determined in accordance with the provisions of Section III of the accompanying Notice. For purposes of calcula-

tion of damages, if you purchased the securities described above during the Class Periods described and subsequently sold the same type of securities during the Class Period, the securities sold (and, if there has been more than one such sale, the securities sold first) shall be deemed to be those securities purchased during the Class Period, unless you submit proof to the contrary.

**General Instructions for Completion of Proof of Claim**

All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or "nominees") of BU or DHB securities, or by the legal representative of such persons or entities. (Brokerage firms are requested to transmit promptly copies of the Notice and Proof of Claim to their present or former customers for whom they purchased or sold BU or DHB Securities recorded in "street name.") If the BU or DHB securities were owned jointly, all joint owners must complete and sign the Proof of Claim. **IN ADDITION, IN ACCORDANCE WITH THE TERMS OF THE INTEREST AND DIVIDENDS COMPLIANCE ACT OF 1983, A CLAIMANT MUST CERTIFY HIS SOCIAL SECURITY NUMBER OR OTHER TAXPAYER IDENTIFICATION NUMBER BY COMPLETING THE FORM W-9 ENCLOSED WITH THE PROOF OF CLAIM. IF A CLAIMANT IS EITHER EXEMPT FROM OR NOT SUBJECT TO BACKUP WITHHOLDING, HE MUST SO CERTIFY ON THE FORM W-9.**

Executors, administrators, guardians, conservators, and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (e.g., powers of attorney or currently effective letters testamentary or letters of administration) to complete and execute the Proof of Claim on their or its behalf and to bind them or it in accordance with the terms thereof. A Proof of Claim submitted by legal representatives of a claimant must be executed by all such representatives.

All acquisitions and dispositions of BU or DHB Securities during the Class Period must be listed separately in the Proof of Claim. If you cannot list all transactions in the spaces provided in the Proof of Claim, or if you believe that you must supply additional information with respect to any transactions, attach separate sheets to the Proof of Claim providing all the required information. The claimant must be properly identified on each such additional sheet.

The date of a purchase or sale of a BU or DHB Security is the "contract" or "trade" date, as opposed to the "settlement" or "payment" date. The receipt or grant of a gift of BU or DHB Securities during the Class Periods shall not be deemed a purchase or sale of BU or DHB Debentures during the Class Period (in such circumstances the grantee's claims, if any, shall be governed by the date of purchase of the grantor).

You must attach to the Proof of Claim form the original, or true and correct copies, of broker confirmation slips or other satisfactory proof confirming the particulars of each transaction in BU or DHB Securities as listed in your Proof of Claim. In order for an acquisition of DHB Debentures to qualify for treatment in the *Bedel* Class, the relevant confirmation, monthly statement, or other proof must not show that a commission was charged and must show that the prospectus was being mailed either with the confirmation, or separately. You must mail the completed Proof of Claim form and attachments by first class mail, or registered or certified mail, postage prepaid, postmarked no later than February 23, 1987, to:

In re Baldwin United Securities Litigation
  Post Office Box ____
  Cincinnati, Ohio ____

If no confirmation or monthly statement is available, you must provide, under oath, an explanation of why such documentation is unavailable.

We suggest that you retain copies of your Proof of Claim and all supporting documentation and that you use registered

or certified mail, return receipt requested, to verify that your claim is received.

\* \* \*

Any person who knowingly submits a false Proof of Claim is subject to the penalties of perjury; and such false information may constitute violations of other provisions of federal law.

Dated: Cincinnati, Ohio

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

If you desire additional information or require additional copies of the Notice or Proof of Claim, you may obtain such additional information or copies by writing to:

In re Baldwin United Securities Litigation

Post Office Box \_\_\_\_
Cincinnati, Ohio \_\_\_\_

**In order to avoid unnecessary administrative burden, the Court requests that you please do not contact the Court or the Clerk's Office for information or copies.**

Remove and retain pages "i" and "ii". The following pages 1 and 2 (the Proof of Claim form) and the enclosed Form W–9 should be completed, signed, and returned by mail to the address indicated above.

## PROOF OF CLAIM AND RELEASE
### (Please Print or Type)

_____ (and) _____,
(Name)                                   (Name)

declare(s) as follows:

I. Identity of Claimant:

Name(s) _____
_____
_____

Address: _____
_____
_____

Telephone: ( ) _____

Name of individual or legal representative to contact in connection with claims made on behalf of legal entities such as corporations, estates, and trusts.

_____

II. Claimant has read and is familiar with the contents of the instructions accompanying this Proof of Claim and understands that reference is made in the Proof of Claim to the Notice for the matters described and the terms defined therein.

III. Statement of Claim:

[All transactions in BU or DHB Securities that fall within the following categories must be listed.]

### STOLLER CLASS

A. During the period from December 14, 1981 through March 29, 1983, inclusive, Claimant, or the person Claimant represents, made the following purchases in the open market of Baldwin–United ("BU") common or preferred stock:

| # and Type of Shares | Date of Purchase | Total Purchase Price (excluding commissions) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

B. During the period from December 14, 1981 through March 29, 1983, inclusive, Claimant, or the person Claimant represents, made the following sales of BU common or preferred stock:

| # and Type of Shares | Date of Sale | Total Sale Price (excluding commissions) |
|---|---|---|
| | | |
| | | |

C. Of the BU common or preferred shares listed in paragraph A above, Claimant, or the person Claimant represents, owned _____ BU common shares and _____ BU preferred shares at the close of business on March 29, 1983.

D. During the period from December 14, 1981 through March 29, 1983, inclusive, Claimant, or the person Claimant represents, made the following purchases in the open market of BU 10% Subordinated Debentures due 2009.

| Face Value of Debentures | Date of Purchase | Total Purchase Price (excluding commissions) |
|---|---|---|
| | | |
| | | |

E. During the period from December 14, 1981 through March 29, 1983, inclusive, Claimant, or the person Claimant represents, made the following sales of BU 10% Subordinated Debentures due 2009.

| Face Value of Debentures | Date of Sale | Total Sale Price (excluding commissions) |
|---|---|---|
| | | |
| | | |

F. Of the BU 10% Subordinated Debentures due 2009 listed in paragraph D above, Claimant, or the person Claimant represents, owned $_____ face value of debentures at the close of business on March 29, 1983.

G. During the period December 14, 1981 through March 29, 1983, inclusive, Claimant, or the person Claimant represents, made the following purchases in the open market of D.H. Baldwin Company ("DHB"), due 1994.

| Face Value of Debentures | Date of Purchase | Total Purchase Price (excluding commissions) |
|---|---|---|
| | | |
| | | |

H. During the period December 14, 1981 through March 29, 1983, inclusive, Claimant, or the person Claimant represents, made the following sales of DHB Debentures due 1994.

| Face Value of Debentures | Date of Sale | Total Sale Price (excluding commissions) |
|---|---|---|
| | | |
| | | |

I. Of the DHB Debentures due 1994 listed in paragraph G, above, Claimant, or the person Claimant represents, owned $_____ face value of debentures at the close of business on March 29, 1983.

## BEDEL CLASS

J. Prior to April 19, 1983, Claimant, or the person Claimant represents, made the following purchases of DHB Debentures due 1994 pursuant to the registration statement and/or prospectus.

| Face Value of Debentures | Date of Purchase | Total Purchase Price |
|---|---|---|
| | | |
| | | |
| | | |

K. Claimant, or the person Claimant represents, made the following sales of DHB Debentures due 1994 that were purchased pursuant to the registration statement and/or prospectus, and described in paragraph J.

| Face Value of Debentures | Date of Sale | Total Sale Price (excluding commissions) |
|---|---|---|
| | | |
| | | |
| | | |

L. Of the DHB Debentures due 1994 listed in paragraph J above, Claimant, or the person Claimant represents, owns $_____ face value of debentures which had been purchased pursuant to the registration statement and/or prospectus.

---

IV. Claimant, and the person claimant represents, if any, submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, for purposes of investigation and discovery with respect to this Proof of Claim under the Federal Rules of Civil Procedure, and agrees to be bound by and subject to the terms of the judgments and orders of that Court in the actions entitled *Stoller v. Baldwin United Corporation*, 650 F.Supp. 341 (1986) and *Bedel v. Thompson*, 650 F.Supp. 341 (1986) and to furnish such additional information or proof with respect to this Proof of Claim as the parties or the Court shall require.

V. The undersigned in his, her or its individual and representative capacity, and their respective representatives, assigns, heirs, executors, administrators, custodians, predecessors or successors in interest, do hereby covenant not to sue any of the Settling Defendants named in the Stipulations of Settlement or their respective predecessors and successors in interest, or each past or present parent, subsidiary, partner, principal, director, officer, employee, agent, representative, assign, beneficiary, heir, executor or administrator of any of them (collectively, the "Settling Defendants") for any and all claims, demands,

rights, liabilities, manners of actions and causes of action of every nature and description asserted or that might have been asserted by the Settling Plaintiffs or by the members of the *Stoller* Class or the *Bedel* Class and each of them against any of the Settling Defendants in connection with or in any way respecting their purchase, transfer, ownership of, or interest in any security which was issued by Baldwin-United Corporation or D.H. Baldwin Company.

This Covenant Not To Sue shall not by operation of law be construed to release or discharge any right against any person or entities other than the Settling Defendants (as defined in the Stipulations of Settlement), and expressly reserves against other third parties, all rights to sue in actions which are pending, or which may hereafter be commenced by any of the parties to the Stipulation.

VI. Claimant, or the person Claimant represents, is not (i) a named defendant with respect to the claims asserted in either the *Stoller* or *Bedel* Class Actions, (ii) a member of the immediate family (the spouse of, or parent or child living in the same household as, an individual defendant) of a named defendant, (iii) a subsidiary

or affiliate of Baldwin United, (iv) a trust or entity controlled by any of the foregoing persons or entities, or (v) an heir, successor, or assign of any of the foregoing.

VII. Claimant, or the person Claimant represents, has submitted no other Proof of Claim with respect to the Settlement Fund, except the following:

[If none, insert "None." If Claimant or the person Claimant represents has for any reason submitted other Proof of Claim forms herein, give the particulars.]

_____

_____

VIII. Claimant has attached hereto the original or true and correct copies of broker confirmation slips, monthly statements,

or, if not available, other proof confirming the particulars of each transaction in Baldwin United and/or D.H. Baldwin Securities effected by Claimant, or the person Claimant represents, as listed in the Proof of Claim, or a satisfactory explanation, under oath, of why such material is unavailable.

IX. Claimant has completed and certified the enclosed Form W–9.

X. Claimant has read the foregoing Proof of Claim and knows the content thereof, and declares under penalty of perjury that the information set forth therein by Claimant and in the documents attached thereto is true and complete to the best of Claimant's knowledge or information and belief.

Date: _____, ___ _____
(Signature)

Date: _____, ___ _____
(Signature)

_____

**IMPORTANT: IF THIS PROOF OF CLAIM IS BEING SUBMITTED ON BEHALF OF JOINT PURCHASERS, OR IS BEING SUBMITTED BY LEGAL REPRESENTATIVES ON BEHALF OF A PURCHASER, IT MUST BE SIGNED BY ALL JOINT PURCHASERS OR LEGAL REPRESENTATIVES. ANY PERSON WHO KNOWINGLY SUBMITS A FALSE PROOF OF CLAIM IS SUBJECT TO PENALTIES FOR PERJURY, AND TO PENALTIES FOR VIOLATIONS OF OTHER PROVISIONS OF FEDERAL LAW.**

### EXHIBIT C

**NOTIFICATION TO ALL PERSONS WHO, BETWEEN DECEMBER 14, 1981 AND MARCH 29, 1983, PURCHASED IN THE OPEN MARKET BALDWIN–UNITED CORPORATION ("BU") COMMON OR PREFERRED STOCK, BU 10% SUBORDINATED DEBENTURES DUE 2009 AND/OR D.H. BALDWIN COMPANY ("DHB") DEBENTURES DUE 1994 (THE "STOLLER CLASS") AND ALL PERSONS WHO ACQUIRED DHB DEBENTURES DUE 1994 PRIOR TO APRIL 19, 1983, PURSUANT TO THE REGISTRATION STATEMENT AND/OR PROSPECTUS (THE "BEDEL CLASS")**

A consolidated action is pending in the United States District Court for the Southern District of Ohio, Western Division, entitled _Hilda Stoller et al. Baldwin-United Corporation, et al._, 650 F.Supp. 341 (1986) certified by the District Court as a class action on behalf of all persons who, between December 14, 1981 and March 29, 1983, purchased in the open market BU common or preferred stock, BU 10% subordinated debentures due 2009 and/or DHB debentures due 1994. Also pending in the United States District Court for the Southern District of Ohio, Western Division, is an action entitled _Ralph Bedel, et al v. Morley Thompson, et al._, 650 F.Supp. 341 (1986) certified by the District Court for settlement purposes only as a class action on behalf of all persons who acquired DHB debentures due 1994 prior to April 19, 1983,

pursuant to the registration statement and/or prospectus. The parties to the *Stoller* action and *Bedel* action have entered into two Stipulations of Settlement dated January 9, 1986 and September 15, 1986. The settlements provide for a combined fund of $10,525,000, plus accrued interest, allocated $5,262,500 to the *Stoller* class and $5,262,500 to the *Bedel* class. In addition, certain defendants have provided an additional fund of $300,000 to administer these proposed settlements. The Court, in both actions, has scheduled a hearing on December 22, 1986 to determine, among other matters, whether the proposed settlements should be approved as fair, reasonable and adequate and whether plaintiffs' application(s) for attorneys' and experts' fees and expenses should be approved. Plaintiffs have stipulated that they will request no more than 25% of the Settlement Fund for attorneys' fees.

A formal Notice describing the *Stoller* action and the *Bedel* action, the settlements and the matters to be considered at the hearing together with a Proof of Claim form has been mailed to all persons whose names appear on the stock transfer records and debenture lists of BU and DHB as a purchaser in the open market between December 14, 1981 and March 29, 1983 of common or preferred stock, BU 10% subordinated debentures due 2009 and/or DHB debentures due 1994 or as persons who, prior to April 19, 1983, pursuant to the registration statement and/or prospectus, acquired DHB debentures due 1994. If you were such a beneficial owner of BU common or preferred stock, BU 10% subordinated debentures due 2009 and/or DHB debentures due 1994 and you wish to participate in the hearing or object to the proposed settlement or submit claims for participating in the fund created in connection with the proposed settlements but have not received the Notice or Proof of Claim form in the mail, you should first obtain a copy of the Notice by written request to:

Alternatively, if you are a member of one or both of these classes but you wish to be excluded from one or both of these classes (such exclusion would prevent you from sharing in the settlement fund but would also mean that you would not be bound by any judgment entered in the *Stoller* action and/or *Bedel* action), you should submit a request for exclusion, including those items listed in the formal Notice, to Gene Mesh, Esq., liaison counsel for plaintiffs, P.O. Box _____, Cincinnati, Ohio 452__, delivered on or before December 5, 1986 at the above address stating your name, your address, the type, number or amount of shares or debentures you purchased or sold, the price paid for these shares or debentures and the dates of trade and that you wish to be excluded from either or both classes.

Objections to the proposed settlements or to plaintiffs' application for attorneys' fees and costs will not be considered unless filed with the Court and actually delivered to those counsel listed in the Notice on or before December 8, 1986. Failure to comply with the instructions contained in the Notice will preclude subsequent objections.

Failure of class members to file a Proof of Claim on or before February 23, 1987 or such other date as the Court may fix will preclude class members from participating in the fund created in connection with the proposed settlements. The Stipulations of Settlement, if approved by the Court, will determine and resolve the claims of those to whom this notification is addressed, except as to those who request exclusion, whether or not they participate in the settlements.